**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DANTE K. MUHAMMAD,

    Plaintiff,                                    Civil Action No. 11-cv-12370

    v.                                           District Judge Arthur J. Tarnow
                                                  Magistrate Judge Laurie J. Michelson

MICHIGAN DEPARTMENT OF HUMAN
SERVICES, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION TO GRANT**
**DEFENDANTS' MOTION TO DISMISS (Dkt. 16)**

Plaintiff Dante K. Muhammad, proceeding *pro se*, brought this 42 U.S.C. § 1983 civil rights case alleging that Defendants Michigan Department of Human Services ("DHS"), Maura Corrigan and Stephanie Cunningham violated his constitutional rights by, *inter alia*, investigating allegations of sexual abuse involving his daughter, Zariyah Muhammad. (Dkt. 15, Am. Compl.) District Judge Arthur J. Tarnow previously dismissed all claims against DHS as well as the claims for money damages against Defendant Maura Corrigan. (Dkt. 5, Order.). Defendants Corrigan and Stephanie Cunningham move for dismissal of all remaining claims on the grounds that Plaintiff fails to state a claim for substantive or procedural due process violations. (Dkt. 16, Defs.' Mot. Dismiss.) The Motion has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 17.)

1

Because the allegations of Plaintiff's Amended Complaint do not state a claim for substantive or procedural due process violations by Defendants Corrigan or Cunningham, the Court RECOMMENDS that Defendants' Motion to Dismiss be GRANTED.

## I. BACKGROUND

### A. Facts

Zariyah Muhammad is the minor daughter of the Plaintiff and Andrea Bowen ("Bowen"). (Dkt. 15, Pl.'s Am. Compl. at 4-6.) According to Plaintiff's First Amended Complaint, Bowen informed Plaintiff that his son, Aaquil Muhammad, "was inappropriate" with Zariyah while she was in Plaintiff's custody. (*Id*. at ¶ 5.) Children's Protective Services ("CPS")[1] received a formal complaint regarding this alleged inappropriate behavior on December 19, 2010. (*Id*. at ¶5.) DHS began an investigation. (*Id*. at ¶ 7.) During the investigation, DHS Investigator Stephanie Cunningham ("Cunningham") asked Zariyah's school not to release Zariyah to Plaintiff. (*Id*.) Also, according to Plaintiff's Complaint, Investigator Cunningham told Ms. Bowen to "keep Zariyah Muhammad in her care until the Investigation was completed, and that Plaintiff . . . should discuss alternative parenting time arrangements with Andrea Bowen." (*Id*. at ¶ 9.) According to Plaintiff, the investigation lasted from December 22, 2010 to February 16, 2011. (*Id*. at ¶ 12.) On February 1, 2011, Investigator Cunningham "wrote a letter to Zariyah Muhammad's school stating that Dante Muhammad had authorization to pick up his daughter from school." (*Id*. at ¶ 13.)

Plaintiff filed a complaint regarding the DHS investigation with the Michigan Office of Children's Ombudsman in February of 2011. (*Id*. at ¶ 16.) The Ombudsman found that DHS had

---

[1] CPS is a part of the Department of Human Services ("DHS"). For consistency, this Court will use "DHS" throughout this Report and Recommendation to refer to both.

committed "eight (8) violations of Michigan DHS Policy" during its investigation regarding Zariyah Muhammad. (*Id*. at ¶ 16.)

### B. Procedural History

Plaintiff brought a 42 U.S.C. § 1983 case *pro se* on May 31, 2011 against the Department of Human Services, Defendant Maura Corrigan and Defendant Stephanie Cunningham. (Dkt. 1, Compl.) On July 11, 2011, the District Judge *sua sponte* dismissed the complaint as to the Department of Human Services. (Dkt. 5, Order.) Defendants Corrigan and Cunningham filed a Motion to Dismiss on August 8, 2011. (Dkt. 8, Mot. Dismiss.) In response, Plaintiff filed a Motion for Leave to File an Amended Complaint. (Dkt. 9, Mot. Am. Compl.; Dkt. 15, Pl.'s Am. Compl.) On September 2, 2011, this Court granted Plaintiff's Motion for Leave to file an Amended Complaint, and recommended that the District Judge deny as moot Defendants' Motion to Dismiss. (Dkt 14, Order and Report and Recommendation.) Defendants filed their second Motion to Dismiss, which is currently before this Court, on September 30, 2011. (Dkt. 16, Defs.' Mot. Dismiss.) On October 21, 2011, Plaintiff filed a Response to the Motion to Dismiss. (Dkt. 19, Response to Mot. Dismiss.) Defendants filed their Reply brief on November 18, 2011. (Dkt. 20, Reply.)

In addition, on December 6, 2011, Plaintiff filed a Request for Clerk's Entry of Judgment by Default. (Dkt. 21, Req.) Attached to that request was a Motion for Summary Judgment by Plaintiff, with a proof of service, that has a Clerks' Office date-stamp of October 21, 2011. (*Id.*) This Motion, however, was not entered on the Court's docket.[2]

---

[2] This Court speculates that Plaintiff attempted to file a motion for summary judgment at the same time he filed his response to the Defendants' Motion to Dismiss. The motion, however, was not docketed nor was a response filed. As a result, Plaintiff sought a default judgment and attached the summary judgment brief as support for his request.

3

**II.  ANALYSIS**

    **A.  Legal Standards**

Under Fed. R. Civ. P. 12(b)(6), a case warrants dismissal if it fails "to state a claim upon which relief can be granted." When deciding a motion under Rule12(b)(6), "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true," and determine whether the plaintiff has alleged "enough factual matter" to "state a claim to relief that is plausible on its face." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "Where a complaint pleads facts that are merely consistent with a defendant's liability," it has failed to show that relief is plausible as opposed to a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). In applying this rule to *pro se* plaintiffs, the Court is mindful that allegations in the complaint are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

    **B.  Plaintiff Fails to State Any Claim Against Defendant Corrigan**

The only specific fact that Plaintiff has alleged regarding Defendant Corrigan is her title as Director of the Michigan Department of Human Services. (Dkt. 15, Am. Compl.) As such, Plaintiff has not pled "enough factual matter" to "state a claim to relief that is plausible on its face" against Defendant Corrigan. *Twombly*, 550 U.S. 544, 556 (2007); *Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Therefore, this Court recommends dismissal of all claims against Defendant Corrigan.

**C. Plaintiff Fails to State a Substantive Due Process Claim Against Defendant Cunningham**

Plaintiff claims that Defendant Cunningham violated his substantive due process rights by investigating his daughter's complaint of inappropriate behavior.

In order to state a claim under 42 U.S.C. §1983, Plaintiff must establish that (1) the conduct in controversy was committed by a person acting under color of law, and (2) the conduct deprived the plaintiff of a federal right, either constitutional or statutory. *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005) (citing *McKnight v. Rees*, 88 F.3d 417, 419 (6th Cir. 1996)). The essence of Plaintiff's allegations appear to be that the investigation conducted by Cunningham infringed upon his right to familial association. With regard to the family, "the Supreme Court has repeatedly reaffirmed the existence of a constitutional right to the maintenance of a parent-child relationship." *Kottmyer v. Mass et al.*, 436 F.3d 684, 689 (6th Cir. 2006) (citations omitted). This is also called the constitutional right to "family integrity." *Id*. at 690. This right is not absolute, however. *Id*. It is "limited by an equally compelling governmental interest in the protection of children." *Id*. (citation omitted). This is particularly true when the government is protecting children against abuse. *Id*. In balancing the family integrity right against the government interest in protecting children from abuse, courts have held that a state agent must provide due process when a child is removed from his or her parent's custody and control. *Id*. The right is not infringed upon by a "[m]ere investigation by authorities into child abuse allegations:"

> When discussing the constitutionally protected right to familial association, courts focus on the parental right of custody and control over their children. A parent is necessarily deprived of his or her right to custody and control of their child, either permanently or temporarily, when a child is removed from the home. A parent is permanently deprived of these rights where the child is killed by a state actor or parental rights are extinguished. Mere investigation by

5

> authorities into child abuse allegations without more, however, does not infringe upon a parent's right to custody or control of a child in the same manner. Thus, none of the relevant cases suggest that mere investigation by the government of potential harm to a child infringes upon the familial association. On the contrary, the First Circuit has explicitly stated that "the right to family integrity clearly does not include a constitutional right to be free from child abuse investigations."

*Id.* at 691 (citations omitted).

Importantly, Plaintiff does not allege that he was actually deprived of custody and control of his daughter. (Dkt. 15, Pl's Am. Compl.) Instead, the allegations pertain to the manner in which Defendant Cunningham conducted her investigation. Plaintiff alleges that Cunningham instructed his daughter's school not to release her to his care, and instructed Plaintiff and Ms. Bowen to work out alternative "visitation arrangements" until the investigation was completed. (Dkt. 15, Pl's Am. Compl., ¶¶ 5, 9.) He also alleges that other technical aspects of the investigation were lacking. (*Id.* at 8-11.) As Defendants point out, however, Plaintiff "does not allege that any of Defendants' actions actually had an effect on his custody or control of his child, what the effect on the custody and control may have been, or exactly how the actions of the Defendants caused the effect on his custody and control over his daughter." (Dkt. 16, Defs.' Mot. Dismiss at 7-8.) Indeed, requesting custodial parents to alter arrangements – which could conceivably include Plaintiff staying with Ms. Bowen and their daughter – is not a deprivation of custody and control that constitutes a substantive due process violation. *See Pittman v. Cuyahoga County Department of Children and Family Services, et al.*, 640 F.3d 716, 729 (6th Cir. 2011) (finding that since "the juvenile court has the ultimate decision-making power with respect to placement and custody," an investigator cannot deprive an individual of his or her substantive due process rights to family integrity; only the court can.) Therefore, this Court recommends that the District Court grant Defendants' Motion and

Dismiss without prejudice Plaintiff's substantive due process claims.[3]

## D. Plaintiff Fails to State a Procedural Due Process Claim against Defendant Cunningham

Plaintiff also claims that Defendant Cunningham violated his procedural due process rights by violating Michigan's Child Protection Law and its concomitant regulations during the course of her investigation. (Dkt. 15, Am. Compl. at ¶ 16.)

"Ordinarily, a § 1983 claim must be predicated on the deprivation of a federal constitutional right. However, state law in the form of statutes, rules, regulations or policy statements, may give rise to a protected liberty interest that cannot be infringed absent observance of procedural due process." *Coker v. Henry*, 813 F. Supp. 567, 569 (W.D. Mich. 1993). State-created procedural due process rights "arise when a state places substantive limitations on official discretion." *Rodwell v. Cleveland*, No. 08-11437, 2010 WL 1417773 at *6 (E.D. Mich. Apr. 5, 2010). In other words, state-created procedural due process rights arise when the state mandates a particular outcome via statutes or regulations:

> A state substantively limits official discretion by establishing substantive predicates to govern official decisionmaking and, further, by mandating the outcome to be reached upon a finding that the relevant criteria have been met. The state statutes or regulations in

---

[3] The Court has doubts about Plaintiff's ability to cure this pleading defect through another Amended Complaint. The documents attached to Plaintiff's Motion for Partial Summary Judgment seem to suggest that Plaintiff did not lose custody and control of his daughter. (*See* Dkt. 22, Pl.'s Mot. Summ. J.) Investigator Cunningham's concern was with keeping Zariyah separated from her half-brother (who allegedly put a cookie in her vagina) and not depriving Plaintiff of his right to associate with his daughter. (Dkt. 22, Pl.'s Mot. Summ. J. at Exs. A-E.) Indeed, the record reflects that Zariyah, in fact, stayed at Plaintiff's home during the investigation – *i.e.*, was not removed from his home. (*Id.* at Ex. D.) Moreover, Investigator Cunningham likely has qualified immunity against Plaintiff's substantive due process claims. *See Pittman*, 640 F.3d at 729. Defendants, however, did not raise this defense in their brief supporting their Motion to Dismiss, but only did so for the first time on Reply. (Dkt. 20, Reply.) Thus, the Court did not consider it. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008).

> question also must use explicitly mandatory language requiring a particular outcome if the articulated substantive predicates are present. Finally, the statute or regulation must require a particular substantive outcome. State-created procedural rights that do not guarantee a particular substantive outcome are not protected by the Fourteenth Amendment, even where such procedural rights are mandatory.

*Id.* (quoting *Tony "L" and Joey "L" v. Childers*, 71 F.3d 1182, 1185 (6th Cir. 1995)).

Courts interpreting Michigan's Child Protection Law have found that it does not mandate a particular outcome, and, therefore, does not create procedural due process rights. *Id.*; *see also Coker*, 813 F.Supp at 570 ("The Michigan Child Protection Law does not prescribe and mandate compliance with specific procedures substantively limiting the discretion of state officers. It is not sufficiently explicit and mandatory and does not create a legitimate claim of entitlement of the nature here claimed."); *Tony "L"*, 71 F.3d at 1186 (Interpreting a similar Kentucky Child Protection Law and finding that "[t]he claim of a state-created liberty interest fails, however, because no particular substantive outcome is mandated. The requirement that an investigation be initiated only gives plaintiffs an expectation of receiving a certain process . . . . An expectation that some sort of action will be taken is not enough. Rather, a plaintiff must have an expectation that a particular result will follow from a particular, required action. This statute simply does not provide Plaintiffs with such an expectation.").

Applying this precedent, Plaintiff fails to state a claim for violation of his procedural due process rights. Even taking as true Plaintiff's allegations that DHS committed eight different violations of its own policies, Defendant Cunningham did not violate Plaintiff's procedural due process rights. This is because the policies may have mandated particular actions, but not particular outcomes. As stated in *Rodwell*, "despite the fact that an investigation might have been mandatory,

the statute does not mandate the outcome of that investigation." 2010 WL 1417775 at *6. As such, Plaintiff's procedural due process claim fails as a matter of law.

### E. Plaintiff Cannot Assert Claims on Behalf of Nayirah Muhammad, Aaquil Muhammad, Yasir Muhammad or Zariyah Muhammad

In his Amended Complaint, Plaintiff claims to assert substantive and procedural due process claims for his children. (Dkt. 15, Am. Compl.)

"[C]laims asserted in a § 1983 action are personal to the injured party." *Ketchum v. Saginaw County Bd. of Commrs.*, No. 10-14976, 2011 U.S. Dist. LEXIS 58356 at *5 (E.D. Mich. Feb. 17, 2011) (citing *Shepard v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2003)). As such, Plaintiff "lacks standing to assert claims based on violations of other people's constitutional rights." *Id.*

In addition, as a non-lawyer, Plaintiff cannot represent his children. 28 U.S.C. § 1654 states: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." This does not allow an unlicensed party to represent his children. *See* 28 U.S.C. § 1654. As such, any claims by Plaintiff's children, asserted by Plaintiff, also fail as a matter of law.

### III. RECOMMENDATION

Because the allegations in Plaintiff's Amended Complaint fail to state a claim for substantive or procedural due process violations by Defendants Corrigan or Cunningham, the Court RECOMMENDS that Defendant's Motion to Dismiss be GRANTED, and if the District Judge adopts the Report and Recommendation, Plaintiff be given 21 days from the date of the District Judge's Order to file an Amended Complaint on the issue of substantive due process.

9

## IV. FILING OBJECTIONS TO THIS REPORT

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

          s/Laurie J. Michelson
          LAURIE J. MICHELSON
          UNITED STATES MAGISTRATE JUDGE

Dated: January 6, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 6, 2012.

                                                s/J. Johnson
                                                Deputy Clerk